IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KARLA S. M.,[1]     )
         )
    Plaintiff,  )
         )  CIVIL ACTION
v.        )
         )  No. 24-2479-JWL
FRANK BISIGNANO,[2]   )
Commissioner of Social Security, )
         )
    Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) application of the Social Security Administration's (SSA) Regulation and Rulings, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

[2] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Lee Dudek as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.    Background

Plaintiff protectively filed an application for SSDI benefits on November 15, 2018.  (R. 242-46).  In a partially favorable decision dated March 9, 2021, an ALJ found Plaintiff disabled upon attaining the age of 55 on January 4, 2020, but not before.  Id. 16-34.    This is the third appeal of that decision and two other decisions of the Commissioner regarding Plaintiff's alleged disability before January 4, 2020, filed in the District of Kansas.  Karla M. v. Kijakazi, Case. No. 2:21-cv-02528-EFM (D. Kan. Sept. 30, 2022); Karla M. v. O'Malley, Case No. 2:23-02380-JWL (D. Kan. Jan. 16, 2024); see also (R. 1243-58, 1543).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in <u>Bowling</u>)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Here the court addresses certain errors alleged in Plaintiff's Social Security Brief which require remand. It does not address the remaining alleged errors, although Plaintiff may address those issues to the Commissioner if desired on remand.

**II.    Discussion**

Plaintiff points out the ALJ found she "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" (R. 1459) (finding no. 5) (bold omitted), but did not find there, in the hypothetical questioning of the vocational expert

4

(VE), or elsewhere in the decision what Plaintiff's capacity is for standing, walking, or sitting during an 8-hour workday, and thereby "failed to follow the correct legal test and erroneously assigned an exertional category without first engaging in the requisite function-by-function assessment." (Pl. Br. 11) (citing Social Security Ruling (SSR) 96-8p).

The Commissioner claims Plaintiff's argument should be rejected because the regulation cited by the ALJ states that light work "requires a good deal of walking or standing," and SSR 83-10 explains "the full range of light work requires, standing or walking, off and on, for a total of approximately 6 hours of an 8-hour day," and "Sitting may occur intermittently during the remaining time." (Comm'r Br. 9-10) (quoting SSR 83-10, 1983 WL 31251 at *5-6).[3] He argues, "The ALJ's RFC finding, therefore, adequately captured Plaintiff's physical limitations, including those relating to walking, standing, and sitting." Id. at 11.

In her Reply Brief, Plaintiff points out that the Commissioner argues light work requires up to 6 hours of standing and/or walking in an 8-hour day and SSR 83-10 provides only that sitting occurs "intermittently during the remaining time," suggesting Plaintiff may only need to sit intermittently for two hours throughout the day. (Reply 3) (quoting 1983 WL 31251, at *6). She concludes, "There is no place in the decision where the ALJ found Plaintiff has the ability to sit six hours or to stand and walk six hours in an 8-hour workday. Defendant's reliance on SSR 83-10 is misguided." Id. *4.

---

[3] Plaintiff mistakenly cites 1983 WL 31252, which is SSR 83-11.

In her next argument, Plaintiff points out the ALJ acknowledged that Plaintiff had a moderate limitation interacting with others; found she "can have occasional interaction with coworkers that does not require group tasks or collaboration, but no interaction with the public" (R. 1459) (finding no. 5) (bold omitted); but said nothing regarding her ability to interact with, accept instruction from, or respond to criticism from, supervisors. (Pl. Br. 13). Plaintiff also noted that Dr. Neufeld provided a report of his consultative examination of Plaintiff wherein he opined that Plaintiff's "capacity to maintain occasional levels of interaction with the public remained uncertain, while at least occasional interactions with coworkers and supervisors appeared feasible." Id. 21 (citing R. 694). In his Brief the Commissioner acknowledged Dr. Neufeld's opinion respecting Plaintiff's ability to interact. (Comm'r Br. 14). He then argued that the ALJ appropriately considered Dr. Neufeld's opinion and found it only partially persuasive. Id. 14-16. However, he did not address Plaintiff's argument that while the ALJ addressed Plaintiff's ability to interact with coworkers and the public she did not address Plaintiff's ability to interact with supervisors.

The court is of the opinion that it might legitimately find either of these alleged errors not erroneous, or at least harmless. First, while neither 20 C.F.R. § 404.1567(b), nor SSR 83-10 states that the full range of light work requires the ability to sit for about 6 hours of an 8-hour workday, the regulation notes that

> a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (underline added). Based upon this regulation, it is generally understood that the full range of light work requires the ability to stand and/or walk about 6 hours in an 8-hour workday and the ability to sit about 6 hours in an 8-hour workday. Elvia C. v. Bisignano, Civ. A. No. 24-1204-JWL, 2025 WL 2645252, *4 (D. Kan. Sept. 15, 2025).

As the court noted in Elvia C.,

> SSR 96-8p does not require an ALJ to express a claimant's abilities on a function-by-function basis in the decision before stating an exertional level in the decision. Rather, the SSR requires the abilities be assessed on a function-by-function basis before being expressed in terms of an exertional level.

Id.

Regarding interacting with supervisors, Plaintiff argues the ALJ erred in finding Dr. Neufeld's opinion only partially persuasive because discounting an opinion based on a single examination "is not a valid reason to reject" the examination (Pl. Br. 21) and the ALJ did not explain how the inconsistencies she relied upon were inconsistent with the opinions of Dr. Neufeld. Id. at 22. However, the ALJ stated her reasons for finding Dr. Neufeld's opinion only partially persuasive ("it is based on a one-time review and is not consistent with nominal treatment, reported activities including ability to travel across the state and fairly normal mental status exams"), and those reasons are supported by the record evidence. (R. 1467) (citation omitted). The opinion is based on a one-time examination by Dr. Neufeld and there is no indication the psychologist had any other treatment notes or records reflecting Plaintiff's psychological status. This is a valid reason, among others, to find his opinion less persuasive. Plaintiff's nominal treatment,

ability to travel across the state, and fairly normal mental status exams are inconsistent with Dr. Neufeld's opinion Plaintiff's capacity for three or more step instructions appear compromised and his opinion her ability to maintain occasional levels of interaction with the public appears compromised.  To the extent Plaintiff suggests the ALJ should have more directly related the inconsistencies at issue to Plaintiff's ability to interact with supervisors, such an argument merely seeks to have the court reweigh the evidence in a fashion more favorable to Plaintiff's position.  That it may not do.  Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172; see also, Bowling, 36 F.3d at 434.

Were either of these issues the only close question in this case, the court would likely infer from the Commissioner's decision and the record evidence as suggested above and affirm the decision below.  However, it appears to the court that to do so in the circumstances of this case would be one inference too far.  See, e.g. Luna v. Colvin, Civ. A. No. 13-1289-JWL, 2014 WL 5598248 at *5 (D. Kan. Nov. 4, 2014) ("It appears that the ALJ has piled inference upon inference-potentially beyond the breaking point.")  It is the Commissioner's, not the court's, duty to decide the issue of disability.  Therefore, the court will remand for the Commissioner to perform that duty.

In her Brief, Plaintiff asks the court to remand with directions to award benefits from her alleged onset date through January 4, 2020, the date she was previously found disabled on having attained age 55.  (Pl. Br. 30).

Whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court.  Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673

(D. Kan. 1997) (citing <u>Dixon v. Heckler</u>, 811 F.2d 506, 511 (10th Cir. 1987)).  In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits:  Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'"  <u>Salazar v. Barnhart</u>, 468 F.3d 615, 626 (10th Cir. 2006) (quoting <u>Harris v. Sec'y of Health & Human Servs.</u>, 821 F.2d 541, 545 (10th Cir. 1987); and citing <u>Sisco v. Dep't of Health & Human Servs.</u>, 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.  <u>Gilliland v. Heckler</u>, 786 F.2d 178, 184, 185 (3rd Cir. 1986).  Nevertheless, the Commissioner is not entitled to adjudicate a case <u>ad</u> <u>infinitum</u> until he correctly applies the proper legal standard and gathers evidence to support his conclusion.  <u>Sisco</u>, 10 F.3d at 746.

Although this issue has been pending since June 1, 2017, the court finds two facts require remand for further consideration rather than remand for an immediate award of benefits.  First, in March 2021 Plaintiff was found disabled effective January 4, 2020, and has been receiving benefits since then so the only benefits at issue would be past due benefits if she were found disabled at an earlier date.  Second, although the Commissioner has previously considered this very issue, the court's discussion above suggests the evidence is at least equivocal and the evidence of disability before January 4, 2020, is not uncontroverted.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

Dated November 21, 2025, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**